

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401     FAX: (541) 431-4047
Howard J. Newman, Law Clerk

December 5, 2006

Mr. Todd H. Tinker             Mr. Gregory G. Plotko
Attorney at Law                Kronish, Lieb, Weiner, et al
88 E. Broadway                1114 Avenue of The Americas
Eugene, OR 97401-3135        New York, NY 10036

Re: Defendant's Motion to Alter or Amend, or in the alternative, for New Trial
    Adv. # 03-6417-aer

      Counsel:

      This letter is to announce my findings and conclusions on the above-referenced motion.

      In this action Plaintiff made a claim for $247,816.04, consisting of $150,000 owed on a debt assigned to Debtor and $97,816.04 consisting of an amount owed on a "House Account." The original complaint referenced the $150,000 claim as "advanced to Defendant in or about June 1998 and used for Defendant's personal needs, no part of which has been repaid." Complaint at ¶ 19. On June 5, 2006, a pretrial order was entered wherein the $150,000 claim was referenced "as a receivable owed by Defendant as a result of a $150,000 repayment made by the Debtor in June 1998 to South Umpqua Bank for the Defendant's benefit." See Pretrial Order at ¶ 4(A)(1).

      The facts found underlying the $150,000 claim are that in or about July, 1997, Debtor's principal, Dallas Troutman, borrowed $150,000 from South Umpqua Bank, then loaned this money to Defendant to help Defendant with his then-pending divorce proceeding. Approximately one year later, Dallas Troutman caused Debtor to pay off South Umpqua Bank in return for assigning the receivable owed by Defendant.

      On June 20, 2006 Defendant filed a motion in limine to exclude evidence of any "assignment," arguing this was a new theory of recovery. The motion was heard on August 22, 2006. By minute order entered August 23, 2006, I denied the motion and also denied Defendant's request to amend his pleadings or the pretrial order to claim additional defenses. One of those excluded defenses was based on the statute of limitations.

Trial was held on October 31, 2006 and November 1, 2006. At the conclusion of the trial, I announced my findings of fact and conclusions of law, finding for Plaintiff as to the full $247,816.04. I allowed an offset of $113, 213.39 against the judgment based on Defendant's previously settled employment-related claims against the estate. This resulted in a net judgment in favor of the plaintiff of $134,602.65, which was entered on November 14, 2006.

Defendant now seeks alternatively, alteration or amendment of my findings and conclusions under FRCP 59(e)[1], a new trial under FRCP 59(a)[2], or vacation of the judgment under FRCP 60(b)(6).[3]

FRCP 59

Defendant argues I should either alter or amend my findings and conclusions or order a new trial.

As to Rule 59(e):

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

McDowell v. Calderon, 197 F.3d 1253, 1255, n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)).

As to Rule 59(a), granting a motion for a new trial is appropriate if the moving party demonstrates 1) a manifest error of fact; 2) a manifest error of law; or 3) newly discovered evidence. Janas v. Marco Crane and Rigging Co. *(In re JWJ Contracting Co., Inc.)*, 287 B.R. 501, 514 (9th Cir. B.A.P. (Az.) 2002), *aff'd.*, 371 F.3d 1079 (9th Cir.2004) (internal citation omitted).

Defendant argues I committed manifest errors of law and fact in the following particulars. He concedes Oregon law applies as to Plaintiff's claims.

---

[1] FRCP 59(e) is made applicable by FRBP 9023.

[2] FRCP 59(a) is made applicable by FRBP 9023.

[3] FRCP 60(b)(6) is made applicable by FRBP 9024.

First, Defendant argues, by implication, that I abused my discretion in denying his motion to amend the pleadings or Pre-trial Order to include a statute of limitations defense as to the $150,000 claim. This is not a "manifest error" contemplated by Rule 59. As I held at the August 22, 2006 hearing, the original complaint contained enough of the operative facts relating to the $150,000 claim to give notice thereof for federal notice pleading purposes.[4] In any event, at the latest, Defendant was on notice of the nature of the $150,000 claim after Dallas Troutman's deposition on November 19, 2004, which Defendant attended, where Mr. Troutman testified at length about the $150,000 claim. See, Ex. B to Plaintiff's Opposition to Defendant's Motion in Limine. Defendant did not seek to amend his pleadings until the Pre-trial Order entered on June 5, 2006, see, Pre-trial Order at ¶ 4(B), almost two (2) years after the time for amending pleadings had lapsed. No "good cause" under FRCP 16(b) (made applicable by FRBP 7026) was shown for the delay.

Even assuming arguendo, I committed manifest error by denying the right to amend the pleadings or Pre-trial Order, a statute of limitations defense would fail on the merits. Defendant, (based on my finding that the $150,000 claim was a "demand" obligation) concedes the cause of action on the $150,000 claim accrued at the earliest in July, 1997, upon the original loan from Dallas Troutman to Defendant. The main bankruptcy case was filed, herein, on December 13, 2002 before ORS 12.080's[5] six (6) year limitations period would have run. Under 11 U.S.C. § 108(a),[6] the Debtor had two (2) years from the main case's filing date to file its cause of

---

[4] The original complaint filed on December 12, 2003, identified the claim's amount ($150,000), operative time it became Debtor's (June, 1998) and purpose (Defendant's "personal needs").

[5] ORS 12.080 provides in pertinent part:

> (1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070, 12.110 and 12.135 and except as otherwise provided in ORS 72.7250 ... shall be commenced within six years.

[6] Section 108(a) provides as follows:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) two years after the order for relief.

(continued...)

action. See, In Re National Environmental Waste Corp., 200 F.3d 1266 (9th Cir. 2000), *amended,* 2000 WL 1028785 (9th Cir. 2000).[7]

Here, the original complaint was filed on December 12, 2003, well within § 108(a)'s two (2) years. As noted above, at the latest, Defendant had notice as of November, 2004, again within two (2) years of the main case's filing.

Defendant also argues I committed manifest error in my findings and conclusions that Plaintiff had met its burden of proof as to the $97,816.04 "House Account" as an "account stated," or alternatively an "account," and, also as to proof of the $150,000 claim. Without reiterating Defendant's present arguments, suffice it to say I duly considered them at the time of trial and find no "manifest error." Mere reiteration of duly considered and rejected arguments are inappropriate in a Rule 59 motion. Taylor. v. Knapp, 871 F.2d 803 (9th Cir. 1989); see also Wall St. Plaza, LLC v. JSJF Corp. *(In re JSJF Corp.)*, 344 B.R. 94, 103-104 (9th Cir. B.A.P. (C.D.Cal.) 2006); Flack v. U.S., 1996 WL 628317 (D. Az. 1996). To the extent the arguments are new, a motion to reconsider may not be used to raise legal arguments which could have been raised in the original proceeding. Wall St. Plaza, supra.

FRCP 60(a)(6):

Defendant alternatively brings his motion under FRCP 60(b)(6) which allows for relief from a judgment based on "any other reason justifying relief from the operation of the judgment."

> [T]he Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.

Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal citations and quotations omitted). Clearly, Defendant's presently argued grounds do not rise to the level of "extraordinary circumstances" within the rule's ambit.

Defendant's motion will be denied. This moots the parties' stipulation to extend the time for Plaintiff to respond to Defendant's instant motion. An order consistent herewith will be

---

[6](...continued)

[7] As in National Environment Waste, supra, Debtor and Plaintiff's Joint Third Amended Plan, confirmed on October 30, 2003, preserved estate claims post- confirmation, and gave Plaintiff standing to prosecute same.

entered. The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:jrp